## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SPENCER LONG,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:22-cv-1346** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **CO CARA and CO CHARTERS,** | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

Plaintiff Spencer Long, who is currently in state custody, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983.[1]  He asserts constitutional tort claims against two corrections officers at the State Correctional Institution, Mahanoy (SCI Mahanoy), based on an incident of alleged excessive force.  Defendants move to dismiss the complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant Defendants' motion to dismiss and will additionally dismiss several claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I.      BACKGROUND

Long's complaint is brief and straightforward.  He recounts that, on May 31, 2022, after an altercation with another inmate, he was escorted by two corrections

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

officers to the medical department.  (Doc. No. 1 at 1.)  Long alleges that the corrections officers used excessive force during the transport when they "push[ed] his head through the door and caused blood to come out of his head," leaving him with "physical pain and damage."  (*Id.*)  In another section of his complaint, he alleges that the officers "slam[med]" his head "into the door."  (*Id.* at 2.)

Long asserts that he attempted to grieve the excessive force incident but was hindered in this process because his grievance and other complaints went unanswered.  (*Id.* at 1-2; Doc. Nos. 1-1, 1-3, 1-5.)  He also claims that he did not receive proper medical treatment after the incident, alleging that he "submit[ed] numerous sick-call" requests to the medical department but was not seen.  (Doc. No. 1 at 2; Doc. Nos. 1-4, 1-6.)

Long states that he is raising claims "to be free from cru[el] and unusual punishment under his const[itutional] right 8th and 14th Amendment [sic]."  (Doc. No. 1 at 2.)  He also asserts that his "due process rights" were violated because he has been stymied in his attempts to grieve the incident through the prison grievance system.  (*Id.*)  Long seeks compensatory and punitive damages, as well as injunctive relief in the form of being transferred to a different prison.  (*Id.* at 3.)

Long initially sued the two corrections officers by naming them as "John Doe" defendants because he did not know their identities.  (*See* Doc. No. 1 at 1, 3.)  Following several orders to the Superintendent of SCI Mahanoy, the corrections

officers were identified as "CO Cara" and "CO Charters."  (Doc. No. 17.)  Cara and Charters were then issued copies of the complaint and waivers of service of summons, which they timely returned.  (*See* Doc. Nos. 19, 23.)

Defendants now move to dismiss in part Long's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 28.)  Long timely filed a brief in opposition, (Doc. No. 31), and Defendants did not reply.  Accordingly, Defendants' motion for partial dismissal is ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

3

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations— which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Long proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Long, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Before addressing Defendants' Rule 12(b)(6) arguments, the Court must identify the claimed constitutional violation or violations.  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).  Long cites the Eighth and Fourteenth Amendments and also uses the phrase "due process."  (*See* Doc. No. 1 at 2.)  He complains of excessive force, inadequate medical care, and the failure of prison officials to respond to his grievance and complaints.  Accordingly, as best the Court can ascertain, Long is raising claims sounding in (1) Eighth Amendment excessive force; (2) Eighth Amendment deliberate indifference to serious medical needs; and (3) Fourteenth Amendment procedural due process.

Defendants do not challenge the sufficiency of Long's excessive force claim.  Instead, they argue that, to the extent Long is suing Cara and Charters in their individual *and* official capacities, the official-capacity claims are barred by Eleventh Amendment sovereign immunity.  They additionally construe Long's complaint as asserting a Fourteenth Amendment *substantive* due process claim with respect to the excessive force incident and contend that this claim must be dismissed pursuant to

the "more-specific-provision" rule.  Defendants do not address Long's Eighth Amendment medical deliberate indifference claim.  Nor do they address his Fourteenth Amendment procedural due process allegations, although this is likely because they have interpreted Long's complaint to be asserting a substantive due process claim.  The Court will address Defendants' arguments and then turn to the sufficiency of Long's other claims.

### A.    Official Capacity Claims

As an initial matter, the Court does not interpret Long's complaint to be asserting official capacity claims.  He never uses the term "official capacity," and his allegations against Defendants appear to be directed at their individual conduct in allegedly using excessive force.  Nevertheless, if Long is asserting official capacity claims seeking monetary damages, Defendants are correct that those claims are barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution prevents federal courts from entertaining lawsuits—by United States citizens or citizens of foreign states—brought against a state.  U.S. CONST. amend. XI; *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).  This immunity from private suit extends to state agencies as well as state officials acting in their official capacity because such lawsuits are essentially civil actions "against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

71 (1989).  States may waive this immunity if they choose, but Pennsylvania has explicitly not waived its immunity with respect to claims brought under Section 1983.  *See* 42 PA. CONS. STAT. § 8521(b); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 & n.5 (3d Cir. 2010) (citing 42 PA. CONS. STAT. § 8521(b)).  There are two exceptions to the Eleventh Amendment's bar to private suits against nonconsenting states: (1) "Congress may abrogate a state's immunity" and (2) "parties may sue state officers for *prospective* injunctive and declaratory relief."  *Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998) (emphasis added) (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)).

Long argues in his opposition brief that he can assert official capacity claims because he is seeking prospective injunctive and declaratory relief.  (*See* Doc. No. 31 at 3.)  There are two problems with this argument.  First, nowhere in Long's complaint does he request declaratory relief.  (*See generally* Doc. No. 1.)[2]  Second, although Long does seek prospective injunctive relief in the form of a prison transfer, (*see id.* at 3), it appears that he has already been transferred to a different state correctional institution.  (*See* Doc. No. 16.)  Long's claim for injunctive relief,

_____

[2] In his opposition brief, Long claims that he is seeking nominal damages, compensatory damages, punitive damages, and a retroactive declaration that his constitutional rights were violated.  (*See* Doc. No. 31 at 4.)  Long, however, cannot amend his complaint through a brief in opposition to a motion to dismiss.  *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

therefore, is moot because he has received the relief requested and because he has been transferred out of the allegedly offending facility.  *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 197 (3d Cir. 1993).

Accordingly, if Long is attempting to assert an official capacity claim against Defendants for monetary damages, such a claim is barred by Eleventh Amendment sovereign immunity.  And if he is seeking prospective injunctive relief in the form of a prison transfer, that claim must be dismissed as moot.

**B.    Fourteenth Amendment Substantive Due Process**

Defendants interpret Long's complaint as raising a duplicative Fourteenth Amendment substantive due process claim concerning the excessive force event. Again, the Court disagrees with Defendants' interpretation and instead reads Long's complaint as asserting a Fourteenth Amendment procedural due process claim.  To the extent that Long is attempting to assert a substantive due process claim regarding the excessive force incident, Defendants are correct that such a claim is barred by the more-specific-provision rule.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution contains both procedural and substantive protections.  *See generally* U.S. CONST. amend. XIV, § 1.  The substantive component of the Due Process

Clause safeguards against certain deprivations of individuals' "life, liberty, and property" by state actors "regardless of the fairness of the procedures used to implement them." *L.R. v. Sch. Dist. Of Phila.*, 836 F.3d 235, 241 (3d Cir. 2016) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). A substantive due process claim, however, cannot be maintained when the alleged constitutional violation is "covered by a specific constitutional provision, such as the Fourth or Eighth Amendment." *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). In such situations, the claim must be analyzed under the rubric of the more specific constitutional provision rather than substantive due process, *see id.*, as substantive due process is an "unchartered area" with "scarce and open-ended" guideposts, *Collins*, 503 U.S. at 125. The "more-specific-provision rule" will often apply when the challenged conduct underlying the substantive due process claim is the same conduct that implicates a more explicit constitutional provision. *See Porter*, 974 F.3d at 448.

To the extent that Long is asserting a substantive due process claim for the excessive force incident, that claim is clearly barred by the more-specific-provision rule. However, the Court construes Long's complaint as raising a Fourteenth Amendment procedural due process claim regarding prison officials' failure to respond to his grievance and complaints. Although this procedural due process

claim does not implicate the more-specific-provision rule, it must be dismissed for other reasons.

### C.   Fourteenth Amendment Procedural Due Process

Long appears to assert a procedural due process claim on the basis that SCI Mahanoy and Pennsylvania Department of Corrections (DOC) officials failed to properly respond to his grievance and complaints about the excessive force incident. There are several deficiencies with Long's claim.

First, and most obvious, is the fact that Long has not sued anyone who may be responsible for the allegedly unconstitutional conduct underlying his due process allegations.  A *Bivens* claim requires personal involvement to find liability for a constitutional infringement.  *See Iqbal*, 556 U.S. at 675-77.  Cara and Charters played no role in the grievance process.

Second, and more fundamentally, failure to respond to a grievance or a complaint does not establish a constitutional violation.  As to a procedural due process claim, it is well settled that a prisoner has no free-standing constitutional right to an effective grievance process.  *See Davis v. Samuels*, 608 F. App'x 46, 48-49 (3d Cir. 2015) (*per curiam*) (nonprecedential) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)); *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011)

10

(nonprecedential) (citing *Flick*, 932 F.2d at 729); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (*per curiam*) (nonprecedential) (quoting *Massey*, 259 F.3d at 647); *see also Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (noting that, while grievance procedures are "applaud[ed]," they are not "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

And if Long is attempting to raise a First Amendment Petition Clause claim, he is also out of luck.  Although it is true that inmates have a First Amendment right to seek redress of grievances as part of their right of access to courts, *see Mack v. Warden Loretto FCI*, 839 F.3d 286, 297-99 (3d Cir. 2016), there is no concomitant First Amendment right to receive a response to a grievance or complaint, *see Kerchner v. Obama*, 612 F.3d 204, 209 (3d Cir. 2010); *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004) ("[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances."); *see also Am. Bus Ass'n v. Rogoff*, 649 F.3d 734, 739 (D.C. Cir. 2011) ("Far from holding that the Petition Clause requires the possibility of a remedy, . . . the clause does not even guarantee[] a citizen's right to receive a government *response* to or official

*consideration* of a petition for redress of grievances." (citation and internal quotation marks omitted)).

Consequently, Long has failed to plausibly state a Fourteenth Amendment procedural due process claim or a First Amendment right-to-petition claim. And because this portion of his complaint is legally, rather than factually, deficient, leave to amend will be denied. In other words, because there is no procedural due process right to an effective prison grievance system or a First Amendment right to a grievance response, there is no amendment Long could proffer to cure the pleading deficiencies with this claim. Granting leave to amend would be futile, so the claim will be dismissed with prejudice.

### D.    Eighth Amendment Medical Deliberate Indifference

The Court next turns to Long's Eighth Amendment claim of deliberate indifference to serious medical needs. Defendants do not address this claim, but the Court interprets Long's complaint as fairly encompassing such a cause of action.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishments on prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To plausibly plead an Eighth Amendment claim of deliberate indifference regarding

inadequate medical care, a plaintiff must allege (1) "a serious medical need," and (2) "acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury.  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  Claims sounding in mere medical negligence will not suffice.  *Rouse*, 182 F.3d at 197.

Long's allegations fail at the second element.  Long does not allege that Cara or Charters were involved with his medical care in any way or acted with deliberate indifference toward a serious medical need.  Long asserts that he requested medical attention multiple times after the excessive force incident without receiving an

adequate response, but he does not claim that Defendants played any role in this purportedly unconstitutional medical care.  Thus, to the extent that Long is asserting an Eighth Amendment medical deliberate indifference claim against Cara and Charters, that claim must be dismissed.

### E.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  *Grayson*, 293 F.3d at 114.  Limited leave to amend will be granted because it is possible that Long could cure some of the deficiencies identified in this Memorandum.  However, Long's Fourteenth Amendment procedural due process claim (or First Amendment Petition Clause claim, as the case may be), will be dismissed with prejudice because amendment would be futile.

If Long chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth Long's claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Long must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading.  He must also specify the

offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.

Long, of course, is not required to file an amended complaint. If he chooses not to amend his pleadings, this case will proceed as to his Eighth Amendment excessive force claim against Cara and Charters.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. No. 28) for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). The Court will also *sua sponte* dismiss Long's Eighth Amendment medical indifference claim and his Fourteenth Amendment procedural due process claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. Limited leave to amend will be granted. An appropriate Order follows.


s/ Sylvia H. Rambo
United States District Judge

Dated: July 24, 2023